UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT, | Case No. 1:22-cv-00750-ADA-HBK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | FOURTEEN-DAY DEADLINE |
| JERRY DYER, ET. AL., | |
| Defendants. | |

This matter comes before the Court upon periodic review of the file. Plaintiff initiated this action by filing a pro se complaint alleging violations of his Fourth Amendment rights on June 21, 2022. (Doc. No. 1). The complaint names various members of the Fresno City police department, a judge, and the police chief, *inter alia*. Plaintiff paid the filing fee in full on July 26, 2022. (Receipt No. CAE1000050978). The clerk issued summonses on August 26, 2022. (Doc. Nos. 5-6). On November 4, 2022, the summonses were returned as unexecuted. (Docs Nos. 8-9). Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). The time may be extended for good cause shown. *Id*. If a defendant is not served within the requisite time period, after notice to plaintiff, the court *must* dismiss the action without prejudice, or order that service be made within a certain time period. *Id.* (emphasis added).

"*Pro se* litigants must follow the same rules of procedure that govern other litigants."

*Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016)(findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96387, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)(overruled in part by *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021)) (citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(the failure of a *pro se* litigant to follow the procedural rules justified the dismissal of the *pro se* litigant's civil rights action).  The rules of civil procedure are "based on the assumption that litigation is normally conducted by lawyers[;]" however, the rules should not be interpreted in a manner that excuses "mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The period in which Plaintiff was required to complete service has expired.  (*See* docket). Thus, Plaintiff shall show cause within fourteen (14) days from the date of this Order why Defendants should not be dismissed under Rule 4(m).  In the alternative, because no defendant has yet been served or filed an answer or motion for summary judgment, Plaintiff may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41 by filing a Notice of Voluntary Dismissal.

Accordingly, it is **ORDERED**:

1. Plaintiff shall show cause within **fourteen (14) days** why Defendants should not be dismissed under Fed. R. Civ. P. 4(m).

2 Failure to timely respond to this Order will result in the recommendation to the district court that this action be dismissed for Plaintiff's failure to effectuate service under Fed. R. Civ. P. 4(m) and as a sanction for failure to comply with a court order under Local Rule 110.

Dated:  November 18, 2022

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE