UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT,<br><br>         Plaintiff,<br><br>    v.<br><br>JERRY DYER, ET AL.,<br><br>         Defendants. | Case No.  1:22-cv-750-ADA-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 24)<br><br>MAY 26, 2023 DEADLINE |

Pending before the Court is pro se Plaintiff's motion for appointment of counsel filed on September 1, 2023. (Doc. No. 24). Plaintiff seeks appointment of counsel on the basis that he has been deemed indigent and granted permission to proceed *in forma pauperis* in this action. (*Id*.).

Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent person to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel).  Contrary to Plaintiff's assertion, Plaintiff paid the filing fee and was not granted permission to proceed *in forma pauperis*. (*See* August 4, 2022 Order finding Plaintiff's motion to proceed *in forma pauperis* moot due to Plaintiff paying the filing fee; *see also* receipt number CAE100050978 in the amount of $402.00 on or about July 26, 2022). Thus, there has been no finding that Plaintiff

is indigent, and thus Plaintiff is not entitled to appointment of counsel.

Even if indigent, Plaintiff's indigence alone does not entitle him to appointment of counsel. *See Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases). Instead, counsel is appointed in civil cases only in "exceptional circumstances." *United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). Other than claiming he is indigent; Plaintiff fails to provide any basis to warrant the Court exercising it discretionary authority to appoint counsel.

Accordingly, it is **ORDERED**:

Plaintiff's motion for appointment of counsel (Doc. No. 24) is DENIED.

Dated:   September 22, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2