UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT, | Case No. 1:22-cv-750-ADA-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS AND CASE UNDER FED. R. CIV. P 4(m) |
| v. | |
| JERRY DYER, et al., | 14-DAY OBJECTION PERIOD |
| Defendants. | |

This matter comes before the Court upon periodic review. For the reasons set forth below, the undersigned recommends the case be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effectuate service upon Defendants.

**BACKGROUND**

Plaintiff Joseph Puckett, proceeding pro se, initiated this civil action on June 21, 2022. (Doc. No. 1, "Complaint"). Plaintiff paid the filing fee on July 26, 2022. The Complaint names the following defendants: (1) Jerry Dyer, Chief of Police, (2) Paco Balderrama, (3) Judge Kapitan, (4) Fresno City Counsel, (5) S. Calvert, Badge No. 1624, (6) P. Little, Badge No. 9595, (7) G. Gardner, Badge No. 1614, (8) Sergeant James Rosett, (9) Christopher Tekemoto, (10) Jacob Adney, and (11) Mathew Besayeu. (*Id*. at 1-2).

The Clerk of Court issued summonses for each Defendant on August 26, 2022. (Doc.

Nos. 5, 6). On November 4, 2022, all the summonses were returned unexecuted. (Doc. Nos. 8, 9). On November 18, 2022, the Court issued an order directing Plaintiff to show cause why the Court should not dismiss this action for failure to timely serve all Defendants as required by Rule 4(m) of the Federal Rules of Civil Procedure. (*Id*. at 2 ¶ 2). On December 13, 2022, the Court granted Plaintiff an extension of time until December 30, 2022, to respond to the Order to Show Cause. (Doc. No. 12). On January 12, 2023, the Court *sua sponte* granted Plaintiff a further extension of time until February 15, 2023, to effectuate service. (Doc. No. 14). In its order issued on January 12, 2023, the Court explicitly advised Plaintiff how service must be completed, emphasizing that a party could not complete service. (*Id*. at 1).

On January 30, 2023, March 16, 2023, and March 20, 2023, Plaintiff filed various affidavits reiterating his claims and stating he "personally" attempted to serve unspecified defendants at city hall and the police department. (*See generally* Docs. Nos. 15, 16, 17). On March 30, 2023, the Court issued an order to Plaintiff advising him again that service must be completed in compliance with Rule 4(c)(2) and directing him to file proof of service of summonses for each defendant no later than April 21, 2023. (Doc. No. 18 at 2 ¶ 1). The Court further warned Plaintiff that his failure to file proof of service by that date would result in a dismissal of defendants under Federal Rule of Civil Procedure 4(m) and dismissal of this action without prejudice. (*Id*. ¶ 2). On April 25, 2023, the Court granted Plaintiff one final extension of time in which to comply with Rule 4(m). (Doc. No. 20). On May 30, 2023, Plaintiff filed proofs of service purporting to reflect personal service of Defendants. (Doc. No. 21).

**APPLICABLE LAW AND ANALYSIS**

Plaintiffs in a federal civil case may serve individual defendants within a judicial district of the United States by either: (1) following state law service requirements in the state where the district court is located or where service is made; or (2) complying with any of the following federal requirements: (A) "delivering a copy of the summons and of the complaint to the individual personally;" (B) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (C) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R.

2

1   Civ. P. 4(e); *see also*, e.g., Cal. Civ. Proc. Code § 415.30 (listing the requirements for service by
2   mail under California law).  If, however, a defendant is not served within ninety days of filing the
3   complaint, the court "on motion or on its own after notice to the plaintiff[,] must dismiss the
4   action without prejudice against that defendant or order that service be made within a specified
5   time." Fed. R. Civ. P. 4(m).

6        Plaintiff was granted multiple extensions of time beyond the 90-day period of service of
7   process under Rule 4(m).  He ultimately filed several documents purporting to demonstrate
8   service upon Defendants.  (Doc. No. 21).  Upon review of the proofs of service filed by Plaintiff
9   on May 30, 2023, however, the Court finds the proofs of service are defective.  The first
10  document indicates that on May 26, 2023, a process server named Vicky Mabry served process
11  on the Fresno Police Department by serving Kim Dunn, Police Support Services Technician.  The
12  proof of service indicates "Party to be Served: Fresno Police Department." (*Id*. at 2).  However,
13  while current and former employees of the Fresno Police Department are named in Plaintiff's
14  Complaint, the Fresno Police Department is not a party to this action.

15       Similarly, Plaintiff's filing includes a proof of service indicating that Ms. Mabry served a
16  summons and complaint on the City of Fresno by serving Susan Mac, Deputy Clerk.  (*Id*. at 3).
17  However, the City of Fresno is not a party to this action.  Plaintiff also attaches another proof
18  service reflecting that a second process server, Viviana Lamas, served the City of Fresno on May
19  23, 2023, by serving Collette Dodd-Barrios.  (*Id*. at 7-8).  Plaintiff attaches a Proof of
20  Unsuccessful Service of the Chief of Police.  (*Id*. at 9-11).

21       Plaintiff has not filed successful proofs of service as to any of the eleven named
22  Defendants in this action.  The fact that Plaintiff served two of the institutions where some of the
23  Defendants now or formerly worked is insufficient to establish service.  *See, e.g.*, *Alonso v. El*
24  *Centro Police Dep't*, 2023 WL 5490131, at *10 (S.D. Cal. Aug. 23, 2023) (recommending
25  dismissal of complaint under Rule 4(m) where Plaintiff served police department but not
26  individual officers), *report and recommendation adopted*, 2023 WL 6612496 (S.D. Cal. Oct. 10,
27  2023).

28       The Court therefore concludes that dismissal of all Defendants and this case without

prejudice pursuant to Rule 4(m) is appropriate. "Failure to follow technical requirements does not warrant dismissal where '(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.'" *Johnson v. San Diego Metro. Transit Sys.*, 2008 WL 3411728, at *7 (S.D. Cal. Aug. 11, 2008) (quoting *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)).

Here, the Court finds dismissal is warranted. There is no evidence that the individual Defendants received actual notice. Plaintiff has not offered any justifiable excuse for his inability to serve the parties in accordance with Rule 4 or state service procedures. Moreover, the Court has provided specific guidance and afforded Plaintiff five extensions of time and nearly 12 months in which to effectuate service. (*See* docket). And while Plaintiff's claims appear time barred if he attempted to re-file this action, his Complaint appears to have been time-barred at the time he commenced this action. *See Butler v. Nat'l Cmty*. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (holding that Section 1983 claims use California's statute of limitations for personal injury claims, which is two years); *Braddy v. Drug Enforcement Agency*, 464 F. Supp. 3d 1159, 1165 (C.D. Cal. 2020) (Fourth Amendment illegal search and seizure claim accrues at the time of the search and seizure).[1]

Accordingly, it is RECOMMENDED:

All Defendants be dismissed from this action for Plaintiff's failure to effectuate service in compliance with Rule 4(m); and this case be dismissed without prejudice.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)**

---

[1] Plaintiff initiated this action on June 21, 2022. (Doc. No. 1). Liberally construed the Complaint alleges a Fourth Amendment search and seizure claim stemming from a search warrant executed on May 25, 2017. Because Plaintiff paid the filing fee, the Court did not conduct a screening of the Complaint under 28 U.S.C. §1915(e)(2). Further, the statute of limitation is an affirmative defense and arguably may be subject to equitable tolling. While recommending dismissal without prejudice consistent with Rule 4(m), the undersigned cautions Plaintiff before refiling and repaying the filing fee that his action facially appears to be barred by the applicable two-year statute of limitations.

**days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     November 13, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE