UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JERRY DYER, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00750-KES-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND EXTENSION OF TIME<br><br>(Doc. No. 29) |

On April 22, 2024, pro se Plaintiff filed a Motion for Extension of Time. (Doc. No. 29, "Motion"). The Motion comprises one page and four sentences. In it, Plaintiff states he "need[s] the appointment of counsel" and "feels that this maybe considerate [sic] to make this case . . . a class action."[1] (*Id*. at 1). Although titled as seeking an extension of time, the Motion does not identify for what Plaintiff seeks an extension of time. For the reasons set forth below, the undersigned denies Plaintiff's motions for appointment of counsel and extension of time.

First, Plaintiff states that he "need[s] the appointment of counsel" but does not otherwise

---

[1] Class certification is governed by Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "As the party seeking class certification, [Plaintiff] bears the burden of demonstrating that [he] has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc*., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001). The four requirements of Rule 23(a) are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). Because Plaintiff does not set forth any argument for class certification beyond a casual and tentative comment, the Court declines to analyze the issue further.

explain the reason for his request. (Doc. No. 29 at 1). The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). This Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). At the outset, Plaintiff paid the filing fee to commence this action and has not demonstrated he is indigent, yet alone demonstrated exceptional circumstances. [2]

Second, other than requesting an unspecified extension of time, Plaintiff does not explain why he requires an extension of time. To the extent Plaintiff seeks additional time to respond to the Court's November 13, 2023 Findings and Recommendation, the Motion was filed more than five months past the deadline to file objections. (*See* Doc. No. 26 at 4-5) (advising Plaintiff of 14-day deadline to file objections). Federal Rule of Civil Procedure 6(b)(1)(B) governs requests for extension of time after the time to respond has expired and requires a showing of excusable neglect. Here, the Motion is silent as to why the extension is necessary or any reason demonstrating excusable neglect. (*See* Doc. No. 29). The Court finds Plaintiff fails to articulate any basis for this Court to find excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Accordingly, it is **ORDERED**:

Plaintiff's Motion seeking appointment of counsel and an extension of time (Doc. No. 29) is DENIED.

Dated:   May 1, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court denied Plaintiff's earlier motion seeking appointment of counsel on September 22, 2023 and advised Plaintiff that he must demonstrate both indigence and exceptional circumstances. (Doc. No. 25).