1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH PUCKETT DYER,                    Case No. 1:22-cv-00750-KES-HBK (PC)

12                 Plaintiff,               ORDER DISREGARDING PLAINTIFF'S
                                            APPLICATION FOR CLERK'S DEFAULT
13          v.
                                            (Doc. No. 32)
14   JERRY DYER, et al.,
                                            CLERK TO STRIKE EXHIBIT CONTAINING
15                 Defendants.              PERSONALLY IDENTIFIABLE
                                            INFORMAITON
16
                                            (Doc. No. 31 at 6-7)
17

18

19          On October 3, 2024, Plaintiff filed a form "Application for Entry of Default." (Doc. No.

20   32).  Plaintiff requests the Clerk to enter a default against all Defendants in this action, whom

21   Plaintiff claims failed to timely respond to his Complaint.  (*See generally Id.*).  Plaintiff Joseph

22   Puckett Dyer paid the filing fee and proceeds pro se on his civil complaint filed on June 21, 2022.

23   (Doc. No. 1).

24          A review of the docket reveals that on July 18, 2024, Plaintiff filed a pleading titled

25   "Affidavits." The pleading contains a narrative seemingly unrelated to Plaintiff's Complaint.  It

26   includes Plaintiff's various interactions with his neighbors and 911 operators from the Fresno

27   Police Department on unspecified dates, his opinions on the country, race, and jails, and police

28   officers.  (*See generally* Doc. No. 31).  At the end of the document Plaintiff writes in all capital

1   letters, "APPLICATION FOR ENTRY OF DEFAULT AGAINST [ ] all Defendant's [sic]." (*Id.*

2   at 5).   Plaintiff attaches to the pleading a copy of a "Benefits Verification Letter" from the Social

3   Security Administration that contains Plaintiff's personally identifiable information.  (Doc. No.

4   31 at 6-7).  The Benefits Verification Letter is of no relevance to the pleading or Plaintiff's

5   Complaint and will be stricken.

**LEGAL STANDARD**

7     Entry of default by the Clerk of Court is appropriate as to any party against whom a

8   judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided

9   by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.

10   *See* Fed. R. Civ. P. 55(a).  The entry of default by the Clerk is a prerequisite for an entry of

11   judgment upon that default.  Fed. R. Civ. P. 55(b).  Where no defendant has been served, a

12   request for entry of default is premature.  *See Black v. Waddle*, 2017 WL 749025, at *1 (E.D. Cal.

13   Feb. 27, 2017).  No default was entered by the Clerk in this case.  *See* docket.

**ANALYSIS**

15     On November 13, 2023, the Court issued Findings and Recommendations to dismiss this

16   case pursuant to Federal Rule of Civil Procedure 4(m).  (Doc. No. 26).  Therein, the Court found

17   that Plaintiff had not filed successful proofs of service as to any of the eleven named Defendants

18   in this action despite being afforded multiple extensions of time.  (*Id.*).  *See also* Doc. Nos. 10

19   (order to show cause why court should not dismiss under Rule 4(m), 12 (order grating extension

20   of time to serve), 14 (order granting extension of time to serve), 18 (order to serve with warning),

21   20 (order granting one final extension to serve).  Because no Defendant has been properly served,

22   no Defendant is required to respond to Plaintiff's Complaint.  Therefore, entry of default is

23   premature and the Clerk properly withheld entry of default in response to Plaintiff's Application

24   for Entry of Default.  Fed. R. Civ. P. 55(a).

25     With respect to Plaintiff's July 18, 2024 pleading, it fails to state with particularity any

26   grounds for seeking relief, as required by Rule 7 of the Federal Rules of Civil Procedure.  *See*

27   Fed. R. Civ. P. 7(b)(1)(B) (requiring a motion to the Court to "state with particularity the grounds

28   for seeking the order.").  The pleading instead recounts various incidents with no obvious

connection to the underlying claims in this case and includes non sequiturs that cannot be

plausibly construed as setting forth a basis for granting the requested relief.  To the extent

Plaintiff's July 18, 2024 pleading seeks entry of default against one or more Defendants in this

action, the request is premature for the same reasons above.

Accordingly, it is **ORDERED:**

1. The Clerk properly DISREGARDED Plaintiff's Application for Entry of Clerk's
   Default (Doc. No. 32).

2. The Clerk shall strike the "Benefits Verification Letter" from the Social Security
   Administration that contains Plaintiff's personally identifiable information (Doc. No.
   31 at 6-7) from the docket.


Dated:    October 4, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE