1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| JOSEPH PUCKETT DYER,<br><br>                    Plaintiff,<br><br>        v.<br><br>JERRY DYER, et al.,<br><br>                    Defendants. | Case No. 1:22-cv-00750-KES-HBK (PC)<br><br>ORDER DENYING CONSTRUED MOTION SEEKING RECUSAL OF MAGISTRATE JUDGE<br><br>(Doc. No. 56) |

17      On December 12, 2024, pro se Plaintiff filed a pleading titled "Reassignment of Case by

18  Court Clerk" in this closed case.  (Doc. No. 56).  Therein, Plaintiff alleges that the undersigned

19  knows Defendant Dyer or should know him, requests reassignment of this case, and

20  disqualification of the undersigned.  (*See generally*, Id.).  The court construes the motion as a

21  motion seeking recusal of the undersigned.[1]  The motion attaches various orders, including the

22  court's Order Setting Mandatory Scheduling Conference with attachments and the district court's

23  November 25, 2024 order adopting the undersigned's findings and recommendations issued on

24  November 13, 2023.  (Doc. No. 56 at 3-31).

25

26  _____

[1] A motion's "nomenclature is not controlling."  *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 527

27  (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)).  Instead, we "construe [the motion], however styled, to be the type proper for the

28  relief requested."  *Id*.

1    At the outset, this case is closed.  (*See* Judgment entered on November 25, 2024, Doc. No.

2    54).  Nonetheless, the undersigned will address the law for purposes of ruling on the construed

3    motion.

4    Motions for recusal are governed by 28 U.S.C. §§ 144 and 455.  In pertinent part, 28

5    U.S.C. § 144 provides as follows:

6    Whenever a party to any proceeding in a district court makes and files a timely and
7    sufficient affidavit that the judge before whom the matter is pending has a personal
     bias or prejudice either against him or in favor of any adverse party, such judge shall
8    proceed no further therein, but another judge shall be assigned to hear such
     proceeding.

9    Alternatively, 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any

10   proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a

11   personal bias or prejudice concerning a party."  28 U.S.C. §§ 455(a).

12   The test for personal bias or prejudice under sections 144 and 455 are identical and the

13   same standard is applied to both sections.  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir.

14   1980).  "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. §

15   455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge

16   of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"

17   *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Preston v. United States*, 923 F.2d

18   731, 734 (9th Cir. 1991) (citations omitted).  "The standard "'must not be so broadly construed

19   that it becomes, in effect, presumptive, so that recusal is mandated upon the merest

20   unsubstantiated suggestion of personal bias or prejudice.'"  *Holland*, 519 F.3d at 913.

21   Recusal under 28 U.S.C. § 144 is only required where the prejudice or bias of the judge is

22   both personal and extra-judicial.  *United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979).

23   For the alleged bias and prejudice to be disqualifying, it must stem from an extrajudicial source

24   other than what the judge learned from his participation in the case.  *United States v. Grinnell*

25   *Corp*., 384 U.S. 563, 583 (1966).  The source of the bias must be extra-judicial because the

26   recusal statutes were "never intended to enable a discontented litigant to oust a judge because of

27   adverse rulings made. . .." *Ex parte Am. Steel Barrel Co*., 230 U.S. 35, 44 (1913).

28   Plaintiff does not include an affidavit contemplated under § 144.  Thus, the Court

considers the motion as filed under § 455.  Section 455 requires a party to show more than an "unsubstantiated suggestion of personal bias or prejudice."  *Holland*, 519 F.3d at 913.  Otherwise, a judge could recuse herself "for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring."  *Id.* at 912.  In the absence of a legitimate reason to disqualify herself, "a judge should participate in cases assigned."  *Id.* (citations omitted).

Although not necessary, the undesigned denies knowing Defendant Dyer.  It appears that the basis of Plaintiff's request stems from the undersigned's issuance of the findings and recommendations that were adopted by the district court.  This judicial action does not justify recusal of the undersigned under either § 144 or § 455.  The court finds no basis for recusing herself in this action.

Accordingly, it is hereby ORDERED:

Plaintiff's construed motion for recusal of the undersigned magistrate judge (Doc. No. 56) is DENIED.

Dated:     December 19, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE