**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH PUCKETT,<br><br>          Plaintiff,<br><br>     v.<br><br>JERRY DYER, et al.,<br><br>          Defendants. | Case No. 1:22-cv-00750-KES-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Doc. 55 |

Pending before the Court is plaintiff Joseph Puckett's pleading titled "Motion for Reconsideration and Defendants Never Ask Plaintiff to Amen[d] Complaint." Doc. 55. Liberally construed, Puckett seeks reconsideration of the Court's November 25, 2024, order dismissing his case. For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

Plaintiff Joseph Puckett initiated this action on June 21, 2022. Doc. 1. On November 13, 2023, the assigned magistrate judge issued findings and recommendations ("F&R") to dismiss this case for plaintiff's repeated failure to serve defendants under Rule 4(m). Doc. 26. The F&R advised plaintiff that any objections thereto were to be filed within 14 days of service. *Id.* at 4–5. Plaintiff did not timely file any objections. *See* docket.

On November 25, 2024, finding that plaintiff failed to timely serve any defendant in this action, the Court adopted the magistrate judge's F&R and dismissed plaintiff's case. Doc. 53.

On December 5, 2024, plaintiff filed the instant motion objecting to the dismissal of his case. Doc. 55.  Because plaintiff filed the motion within 28 days of the final judgment being entered, the Court construes the motion as made pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment.  *See* Fed. R. Civ. P. 59(e).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment.  "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in original).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted).

Plaintiff does not dispute the underlying facts and analysis concerning his failure to serve that formed the basis of the Court's November 25, 2024 order.  *See generally* Doc. 55.  To the extent discernible, plaintiff contends that he should have been given a further opportunity to amend his complaint and accuses the magistrate judge of prejudice towards him.  *Id*. at 1.

However, plaintiff's vague allegation of bias by the magistrate judge is not sufficient, by itself, to warrant the extraordinary remedy of reconsideration.  *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (recognizing manifest error of law or fact, newly discovered evidence or previously unavailable evidence, manifest injustice, and intervening change in controlling law as cognizable grounds for Rule 59(e) reconsideration).  Plaintiff fails to demonstrate that anything other than his own failure to timely serve defendants pursuant to Rule

2

4(m) was the basis for the November 25, 2024 dismissal. Plaintiff contends he was entitled to some further opportunity to amend his complaint, however no amendment would have prevented the dismissal in this case, which was based entirely on plaintiff's failure to comply with service under Rule 4(m). *See* Doc. 53.

Plaintiff also fails to set forth facts showing that manifest injustice would result if the Court denies his motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999)) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan horse to revisit a court order for a second chance at litigating the same issue. *All. for Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020). Plaintiff has not set forth any facts to indicate a "direct, obvious and observable" error in the initial order that would constitute manifest injustice. Thus, he fails to meet his burden to justify reconsideration on that basis.

Ultimately, plaintiff's motion asserts vaguely that his case should not have been dismissed. But plaintiff fails to present any newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Rather, plaintiff merely disputes the findings of the Court and contends vaguely that the prior order was due to bias, which is insufficient to justify reconsideration. *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)); *see also Mendoza*, 2023 WL 6050581 at *2.

///

///

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's Motion for Reconsideration, Doc. 55, is DENIED.

IT IS SO ORDERED.

Dated:     January 10, 2025

_____
UNITED STATES DISTRICT JUDGE